AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20) ☐ Original ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
09/08/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

FILED
CLERK, U.S. DISTRICT COURT
09/08/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: DC DEPUTY

United States of America

Plaintiff

v.

Asdruval MUNOZ-Padilla,

Defendant.

Case No. 5:26-mj-00651

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 7, 2026, in the county of Riverside, in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Terrell S. Dillard*
*Complainant's signature*

Terrell S. Dillard, Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 09-08-2026 at 3:20 p.m.

*Judge's Signature*

City and state: Riverside, California

The Hon. Angela C. C. Viramontes, U.S. Magistrate Judge
*Printed name and title*

SAUSA: Elizabeth Bisland (X0319)

# AFFIDAVIT

I, Terrell S. Dillard, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for Asdruval MUNOZ-Padilla, ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER TERRELL S.DILLARD

3. I am an Enforcement Removal Officer ("ERO") Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS") and have been employed as such since May 2016. I am currently assigned to the Homeland Security Investigations ("HSI") Integrated Operations Group Task Force ("Task Force"). As part of this Task Force, I investigate various immigration crimes with DHS agents and analysts, including from HSI and Immigration and Customs Enforcement

(“ICE”) Enforcement and Removal Operations. As a result of my collaboration with these DHS employees on this Task Force, I am familiar with DHS databases that are used to identify individuals who are subject to prosecution for immigration crimes.

## III. TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES

4. Based on my training and experience and communication with DHS employees on the Task Force, I know the following:

a. Every person has a unique set of fingerprints. I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System (“FINS”) numbers and Federal Bureau of Investigations (“FBI”) numbers – can be assigned to a person’s fingerprints, thereby distinguishing that person’s fingerprints in law enforcement databases from another person’s fingerprints. In many cases, DHS and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information with a specific individual.

b. Moreover, during immigration removal proceedings, when a person is fingerprinted by DHS agencies, such as ICE (formerly the Immigration and Naturalization Service), those unique fingerprint identifiers are associated with an individual’s unique alien number (“A-number”) and alien file (“A-file”). An A-file typically contains official documentation regarding a person’s deportation or removal history as well as alienage. That A-file is maintained in DHS custody, and

documents and/or information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

5. Generally, after an arrest for a criminal offense, a person’s biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process. That information is then associated with a unique identification number for the person’s fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number. A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

## IV. STATEMENT OF PROBABLE CAUSE

6. On or about September 7, 2026, the ICE Pacific Enforcement Response Center (“PERC”) – an ICE center responsible for vetting and researching the arrests of suspected foreign nationals – received an electronic notification based on defendant’s biometric fingerprint information that, on September 7, 2026, he was arrested by the Riverside County Sheriff’s Office (“RCSO”), in Riverside County, within the Central

District of California, for Assault with a Deadly Weapon- Not a Firearm, in violation of California Penal Code 245(a)(1).

7. Defendant is currently in custody with the RCSO. Based on my training and experience, it is essential to act quickly and secure a federal arrest warrant for defendant while he is in a custodial setting because once defendant is released from custody, he may abscond or evade apprehension, particularly in light of his prior removal history and unlawful reentry. Effectuating an arrest while defendant is in custody is materially safer for officers and defendant and presents a significantly lower risk of flight or resistance. Arrests in a controlled environment also reduce the need for high-risk operations in the community and minimize potential harm to the public.]

8. I compared a unique fingerprint identifier from the arrest referenced above against those contained in the immigration and removal records retained for defendant in DHS indices. I have determined that these unique fingerprint identifiers are the same and therefore believe that both sets of records reference defendant, a previously removed alien.

9. On or about September 8, 2026, I conferred with other law enforcement officers, including DHS personnel, and reviewed records associated with defendant's unique fingerprint identifiers that are contained in DHS indices. I learned the following about defendant's immigration history:

a. Defendant is a citizen and national of Mexico.

b. On or about May 6, 2018, defendant was ordered removed from the United States to Mexico. On the same date, defendant was physically removed from the United States to Mexico.

c. There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant’s most recent removal. Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

## V. CONCLUSION

10. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 8th day of
September 2026.

______________________________
THE HONORABLE ANGELA C. C. VIRAMONTES
UNITED STATES MAGISTRATE JUDGE